IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of SOUTH DADE AIR CONDITIONING AND REFRIGERATION, INC., | ◇ ◇ ◇ ◇ |
| PLAINTIFF, | ◇ ◇ |
| VS. | ◇ ◇ |
| THE GRAY INSURANCE COMPANY, | ◇ ◇ |
| DEFENDANT. | ◇ |

## COMPLAINT

The United States of America, for the use of South Dade Air Conditioning and Refrigeration, Inc. ("SDAC"), brings this action for payment of $559,703.37 for work performed and accepted, and equipment and materials provided on a federal project in the State of Alabama. SDAC asserts a Miller Act (40 U.S.C. Sec. 3131-34) payment bond claim against The Gray Insurance Company ("Gray").

### Parties

1.      SDAC is a Florida corporation that provides HVAC and contracting services on federal, state, and private construction projects including, but not limited to the Project at issue on the United States Federal Courthouse located in Selma, Dallas County, Alabama.  SDAC also has an office located in Selma, Dallas County, Alabama.  As required by the Miller Act, SDAC asserts its Miller Act payment bond claim in the name of the United States of America.  See 40 U.S.C. Sec. 3133(b)(3)(A).

2.      Upon information and belief, Gray is a Louisiana company with its principal place of business located in Metairie, Louisiana.

**Jurisdiction and Venue**

3. This Court has subject-matter jurisdiction over this action because SDAC asserts a federal claim under the Miller Act. See 28 U.S.C. Sec. 1331.

4. Venue is proper because SDAC's work was performed at the United States Federal Courthouse, Selma, Alabama, which is located within this Court's judicial district. See 40 U.S.C. Sec. 3133(b)(3)(B) (directing that this action be brought "in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy"). Furthermore, Gray issued a payment bond to Tootle Construction, LLC, 1804 Mosher Drive, Orlando, Florida for the Design-Build construction services for the HVAC Renovations Project on the Federal Courthouse located in Selma, Dallas County, Alabama. Said payment bond is attached hereto as Exhibit "A".

**Facts**

5. Upon information and belief, Gray, as surety, and Tootle, as principal executed a payment bond required by the Miller Act securing payment of labor and materials furnished on the Project ("the Bond") attached hereto as Exhibit "A".

6. The original Subcontract price was $953,620.00. Upon information and belief McClain on November 25, 2019, entered into a Subcontract Agreement with Tootle for the Design-Build for the installation of the HVAC work on the Selma Federal Courthouse Project. The original Subcontract price was $2,499,233.64. (The Contract between Tootle and McClain is attached hereto as Exhibit "B".

7. On or about November 15, 2019, SDAC entered into a Subcontract Agreement with McClain Contracting Company, Inc. ("McClain") to perform work on the "Design-Build HVAC Renovations, Selma, Alabama". (The Contract between McClain and SDAC is attached

hereto as Exhibit "C")

8. SDAC is a second-tier subcontractor as contemplated by the Miller Act.

9. SDAC timely and properly completed its work under the Subcontract until January 27, 2021, when Tootle Construction Company, LLC demanded that McClain and SDAC leave the Project.

10. To date, Tootle as principal and Gray as surety owe SDAC an unpaid earned Subcontract balance of $559,703.37.

11. SDAC has made several demands upon McClain and Tootle for payment of its unpaid earned Subcontract balance. Furthermore, prior to filing suit, SDAC on June 1, 2021 provided to Gray and Tootle a Proof of Claim form, which constitutes SDAC's Notice of Claim (attached hereto as Exhibit "D"). Gray's principal Tootle was provided a copy of this Proof of Claim and Notice of Claim.

12. To date, Tootle has failed and/or refused to pay McClain an unpaid earned Subcontract balance in excess of $800,000. McClain due to Tootle's failure to pay, has not paid SDAC an unpaid earned Subcontract balance in the amount of $559,703.37.

13. SDAC therefore brings this action on the Bond to recover payment for work and labor performed by SDAC, equipment furnished for construction of the Project and accepted on the Project, for which SDAC has not received payment.

14. SDAC last furnished equipment and/or materials for the Project on or about March 10, 2021 when heaters for the Federal Courthouse were shipped to the Project. In accordance with 40 U.S.C. Sec. 3133 (b)(2), SDAC provided a Proof of Claim to Gray Surety and Tootle on May 26, 2021. (See attached Proof of Claim labeled Exhibit "D"). Said Proof of Claim was sent to Tootle at its place of business by certified mail. (See attached Certified Mail

Receipt dated May 27, 2021 labeled Exhibit "E").  All conditions precedent to the maintenance of this action have been performed.

## COUNT I
## MILLER ACT PAYMENT BOND CLAIM

15. SDAC incorporates by reference and re-alleges the allegations of paragraphs one through fourteen, as though fully set forth herein.

16. Plaintiff has furnished labor and materials in carrying out work provided for in the contract for which a payment bond was furnished under 40 U.S.C. Section 3131.

17. Plaintiff was not paid in full within ninety (90) days after last furnishing labor and materials under the contract.

18. Tootle and Mclain execute a valid Subcontract pursuant to which Tootle agreed to pay McClain for work performed at the Project at The Selma Federal Courthouse HVAC Design-Build Project.  Tootle has failed to pay McClain for this work.

19. McClain and SDAC executed a valid Subcontract for SDAC to perform certain HVAC work and/or other work on the Project.  SDAC has not received payment for the work SDAC performed on the Project and the equipment that SDAC paid for and installed on the Project. (Said equipment costs being $251,263.47).  SDAC properly brings this Miller Act claim in accordance with 40 U.S.C. Sec. 3133(b)(2).

20. At least ninety (90) days have elapsed since SDAC last performed work for which this claim is made but one (1) year has not elapsed since SDAC last performed work for which this claim is made.  (See 40 U.S.C. Sec. 3133(b) (1) and (b)(4).

21. Pursuant to the Miller Act, SDAC is entitled to payment of the earned but unpaid Subcontract balance of $559,703.37 due for work performed and equipment furnished by it.

22. Gray is obligated to pay SDAC under the Bond for the Subcontract work performed by SDAC and for which Tootle has failed to pay McClain and therefore McClain has failed to make payment to SDAC.

23. Gray has failed to fulfil its obligation under the Bond to pay SDAC for Subcontract work furnished by it in furtherance of Tootle's work under the Prime Contract.

24. As Tootle's payment bond surety, Gray's liability extends to all sums justly due to SDAC up to the penal sum of the Bond, including, without limitation, costs, interest, and attorneys' fees.

25. SDAC is entitled to payment in the amount of $559,703.37, plus interest, costs, and attorneys' fees.

WHEREFORE, SDAC requests that it be awarded a judgment against Gray thereby entitled it to recover damages of $559,703.37, plus interest, costs, and attorneys' fees, and any other relief to which it is entitled.

> UNITED STATES OF AMERICA for
> the use of SOUTH DADE AIR CONDITIONING
> AND REFRIGERATION, INC.
>
> By its attorneys,
>
>
> s/Rickman E. Williams, III
> RICKMAN E. WILLIAMS, III

**OF COUNSEL:**

PITTS, WILLIAMS & JONES
Attorneys at Law
Post Office Box 527
Selma, Alabama 36702-0527

(334) 875-7213 - phone
(334) 874-8218 - facsimile
E-mail: rwilliams@pittsandpitts.com

**PLEASE SERVE DEFENDANT AT:**

The Gray Insurance Company
The Gray Casualty & Surety Company
Post Office Box 6202
Metairie, Louisiana 70009